## Ayers Estate

*Smith & Smith, Cahall & Aker,* for accountant.

TAXIS, P. J., October 17, 1957.—. . . Catherine B. Ayers was declared an incompetent on June 13, 1956, and on the same date Montgomery Norristown Bank and Trust Company, now the Montgomery County Bank and Trust Company, was appointed guardian of her estate. Approximately seven months later the ward died on January 25, 1957, leaving a will naming Montgomery County Bank and Trust Company as executor.

The present account by the personal representative is unusual for the reason that the personal representative and the guardian have employed the permissive technique apparently contemplated by section 631(*b*) of the Incompetents' Estates Act of February 28, 1956, P.L. (1955) 1154. The comment of the Joint State Government Commission succinctly summarizes the result sought to be achieved by section 631(*b*) :

"COMMENT—This subsection is added with the thought that it may be employed frequently to avoid the duplication of accounting when an incompetent dies. In many such instances the incompetent's guardian files an account, the balance of which is awarded to a personal representative, who in turn subsequently files his accounting. Frequently, the guardian and the personal representative are the same person or institution, and the administration of a deceased incompetent's estate can proceed without any formal accounting as guardian, thus saving substantial expense and inconvenience. . . . No question of the rights of creditors or due process is involved, because adequate

480

notice would be given of grant of letters to the personal representative and of his accounting." 

Section 631(b) is unique and may be helpful particularly in situations where, as here, the guardian and the personal representative are one and the same. The procedure to be followed, however, is most uncertain. Nothing in the legislation gives the slightest clue as to the procedure to be followed. There is, however, in section 631(a) and (b) a clear invitation to promulgate rules of court. This adjudication may perhaps help to formalize procedure and after sufficient experience has been gained, perhaps a rule of court may then be adopted.

In this case, upon the death of its ward, the guardian prepared a full and complete accounting of the administration as guardian and distributed the net balance as set forth therein to itself as personal representative.

When, as personal representative, it filed its inventory and appraisement, it appended to this inventory this guardianship accounting with the entry "Balance per account as guardian attached hereto". Parties in interest therefore could then file objections to the inventory, including this guardianship accounting, pursuant to section 405 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended.

Not filing objections to the inventory, parties in interest upon the filing and audit of the personal representative's accounting therefore could file objections to the guardianship accounting or to the personal representative's accounting for there was presented to the court and to all parties in interest a full record of the guardianship administration and of decedent's estate administration. The audit of the personal representative's account was the last day for filing objections to either (1) the guardian's account or (2) to the personal representative's account.

In this situation no question of the rights of creditors or of due process was involved because adequate notice was given by the advertisement of the grant of letters to the personal representative and advertisement of his accounting.

The petition for adjudication states: "Attached to the inventory submitted herewith is a complete accounting by Montgomery County Bank and Trust Company (formerly Montgomery Norristown Bank and Trust Company) of its administration of the estate of Catherine B. Ayers, an incompetent. The present accounting includes the balance shown by that accounting."

No request for confirmation of the guardian's account has been made by the personal representative. The request would appear to be unnecessary in these circumstances for the reason that the confirmation of such account is accomplished by the distribution "by the personal representative in conformity with the decree of court. . . ." Section 631 (*b*) declares in part that the guardian ". . . shall be relieved of liability with respect to all real and personal estate distributed by him to the personal representative of a deceased incompetent and thereafter distributed by the personal representative in conformity with a decree of court. . . ."

Instead of confirming the guardianship account at this time, the procedure apparently contemplated by the legislature would appear to be that upon a final distribution by the personal representative and the receipt of satisfactions of award pursuant to said decree of distribution and upon the filing of such satisfactions of award, the guardian and perhaps the personal representitive may petition for their discharge and release with respect to the assets accounted for.

Accountant has prepared and submitted for approval as part of the petition for adjudication a sug-

gested schedule of distribution. Said suggested schedule of distribution is hereby approved and made part of this adjudication and it is hereby ordered and decreed that Montgomery County Bank and Trust Company, executor as aforesaid, forthwith pay the distributions in accordance with the suggested schedule of distribution. Account of the personal representative is confirmed.

And now, October 17, 1957, this adjudication is confirmed nisi.